Matter of State of New York v Jerome A. (2019 NY Slip Op 03531)





Matter of State of New York v Jerome A.


2019 NY Slip Op 03531


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8452 30261/14 101413/14

[*1]In re The State of New York, Petitioner-Appellant,
v
Jerome A. (Anonymous), Respondent-Respondent.


Barbara D. Underwood, Attorney General, New York (Scott A. Eisman of counsel), for appellant.
Marvin Bernstein, Mental Hygiene Legal Services, New York (Diane Goldstein Temkin of counsel), for respondent.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered June 20, 2018, which dismissed the petition for civil management under Mental Hygiene Law article 10 and ordered respondent released from custody, upon a determination, same court and Justice that respondent does not suffer from a mental abnormality, and bringing up for review a ruling, same court (Daniel P. Conviser, J.), dated February 20, 2018, that the diagnosis of unspecified paraphilic disorder is not generally accepted in the relevant community, unanimously reversed, on the law, without costs, the order vacated, the petition reinstated, and the matter remanded for further proceedings in accordance herewith.
In Matter of State of New York v Hilton C. (158 AD3d 707 [2d Dept 2018], appeals withdrawn 31 NY3d 1077 [2018]), the Second Department held that the evidence in the record before it, which is similar to the evidence in the record presently before us, failed to establish that "the diagnosis of unspecified paraphilic disorder [USPD] has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible" (id. at 709). In the absence of any other New York State appellate authority, Supreme Court (Conviser, J.), ruled, on constraint of Hilton C., that USPD was precluded as a diagnosis in article 10 proceedings.
However, we find, contrary to the Second Department, and consistent with the decision in Matter of Luis S. v State of New York (166 AD3d 1550 [4th Dept 2018]) that the type of evidence presented at the Frye hearing (see Frye v United States, 293 F 1013 [DC Cir 1923]) in this case — such as the evidence concerning the inclusion of USPD as a diagnosis in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5), which signals its general acceptance by the psychiatric community — is sufficient to satisfy the State's burden of showing that the USPD diagnosis meets the Frye standard.
Accordingly, the verdict that respondent does not suffer from a mental abnormality, rendered after the article 10 trial, from which USPD evidence was excluded, must be vacated, the petition reinstated, and the matter remanded for further proceedings, including a determination whether the evidence meets the threshold standard of reliability and admissibility (see Matter of [*2]State of New York v Nicholas T., 60 Misc 3d 522, 528 [Sup Ct, NY County 2018]; Matter of State of New York v Jerome A., 58 Misc 3d 1202[A], 2017 NY Slip Op 51762[U], *15, *17-19 [Sup Ct, NY County 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK